IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO WALLACE, #155723, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-854-WHA |
| | ) | |
| ALA. DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. §1983 action is pending before the court on a complaint filed by
Antonio Wallace, a state inmate currently serving consecutive life sentences for various
state criminal convictions imposed upon him in 1989.[1]  In this somewhat unintelligible
complaint, Wallace appears to challenge the constitutionality of these 1989 convictions and
his current imprisonment on the resulting sentences.  Doc. 1 at 3.  Wallace names the
Alabama Department of Corrections, Ronald Reagan, the former President of the United
States, and Thomas E. Kilby, a former Governor of Alabama, as defendants.  Wallace seeks
monetary damages and his release from incarceration for his alleged wrongful convictions
and incarceration.  Doc. 1 at 5.

---

[1] The entries on the case action summary sheets for Wallace's 1989 convictions maintained by the Alabama
Trial Court System, hosted at www.alacourt.com, establish that Wallace was convicted on at least three
counts of first degree robbery and one count of murder by the Circuit Court of Jefferson County, Alabama.
As permitted by applicable law, the court takes judicial notice of the case action summaries.  *See Keith v.
DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). [2]

## II.  DISCUSSION

In the complaint, Wallace challenges the validity of his 1989 convictions and the resulting sentences on which he is now incarcerated.  Specifically, Wallace complains that his status as a juvenile at the time of the offenses did not warrant the adult convictions imposed upon him.  Doc. 1 at 3.  He also alleges that a mental health evaluation was only recently performed on him and implies one should have been done prior to trial.  Doc. 1 at 3.  Wallace is entitled to no relief on these claims.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor

---

[2]This court granted Wallace leave to proceed *in forma pauperis* in this cause of action.  Doc. 3.  Regardless of the requirement that Wallace pay an initial partial filing fee, the court remains obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller*

3

*v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.  "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Under the circumstances of this case, *Heck* and its progeny bar Wallace's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his convictions and sentences.  512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is

a rule of cognizability, not exhaustion.").  Hence, the claims presented by Wallace which go to the fundamental legality of his convictions and sentences for first degree robbery and murder are not cognizable in this cause of action as they provide no basis for relief at this time and, thus, are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The instant complaint challenging the robbery and murder convictions imposed upon the plaintiff in 1989 by the Circuit Court of Jefferson County, Alabama be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are provide no basis for relief at this time in the instant cause of action.

2.  This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

On or before **March 17, 2020**, the plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall

"waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of March, 2020.

_____/s/ Charles S. Coody_____
UNITED STATES MAGISTRATE JUDGE